**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-2081**

---

In re:  JOHN HENRY MOORE,

        Petitioner.

---

On Petition for Writ of Mandamus.  (3:19-cr-00086-RJC-DSC-1)

---

Submitted:  December 12, 2022                    Decided:  December 15, 2022

---

Before KING, HARRIS, and RICHARDSON, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

John Henry Moore, Petitioner Pro Se.  Anthony Joseph Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Henry Moore petitions for a writ of mandamus seeking an order directing recusal of Judge Robert J. Conrad from presiding over Moore's criminal case. We conclude that Moore is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted).

Our review of the district court's docket reveals that on October 18, 2022, a jury returned a guilty verdict against Moore on all charged counts. Accordingly, to the extent Moore seeks recusal of Judge Conrad from Moore's criminal trial, we deny the mandamus petition as moot. To the extent Moore's petition seeks to have Judge Conrad recused from Moore's sentencing, Moore has not sought this particular relief from the district court. And he is effectively in the same procedural posture as he was when we considered his prior petition. In denying Moore's previous mandamus petition, we explained, any "potential harm could arise only at sentencing, and then only if *all* the various contingencies materialize." *In re Moore*, 955 F.3d 384, 390 (4th Cir. 2020) (emphasis added). At this time, he does not have a "clear and indisputable" right to the relief he seeks. *Id. at* 388-89. Accordingly, we deny the petition for writ of mandamus. We dispense with oral argument

2

because the facts and legal contentions are adequately presented in the materials before this

court and argument would not aid the decisional process.

*PETITION DENIED*